IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2014

## CHARLES BLACKSTOCK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 287032     Barry A. Steeleman, Judge**

_____

**No. E2013-01173-CCA-R3-HC - Filed March 19, 2014**

_____

The petitioner, Charles Blackstock, appeals the dismissal of his petition for writ of habeas corpus, which petition challenged his 2000 Hamilton County Criminal Court guilty-pleaded convictions of rape of a child,[1] claiming that the habeas corpus court erred by correcting the judgments in his case and by dismissing the petition.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Charles Blackstock, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner pleaded guilty in 2000 to two counts of rape of a child and one count of especially aggravated kidnapping for the 1999 abduction and sexual assault of the nine-year-old victim.  On direct appeal, this court affirmed the petitioner's convictions, the 25-year sentence imposed for his conviction of especially aggravated kidnapping, and the imposition of consecutive sentences but modified the sentences imposed for his convictions of rape of a child from 25 years' incarceration to 23 years' incarceration, lowering the total effective sentence from 75 to 71 years' incarceration.  *See State v. Charles R. Blackstock*, No.

_____

[1]The petitioner pleaded guilty, in the same case, to especially aggravated kidnapping, but he does not challenge that conviction.

E2000-01546-CCA-R3-CD, slip op. at 9 (Tenn. Crim. App., Knoxville, Aug. 27, 2001).

In 2013, the petitioner filed in the Hamilton County Criminal Court two petitions for writ of habeas corpus that challenged his convictions of rape of a child on grounds that the sentences imposed for those convictions were illegal. He claimed that the parties' "mutual understanding" as to the release eligibility percentage applicable to his child rape sentences "was in direct contravention of the Sentencing Act." He also claimed that the judgments were illegal because the trial court failed to grant him pretrial jail credit.

In a thorough written order, the habeas corpus court observed that the record clearly established that the parties' "mutual understanding" was that the release eligibility percentage applicable to the petitioner's convictions of rape of a child was 100 percent. The habeas corpus court then noted that the trial court had incorrectly checked the release eligibility box on the uniform judgment form designated "Violent 100%." Noting that the record clearly established that the parties knew that the petitioner, as a child rapist, would be required to serve 100 percent of his sentence undiminished by sentence reduction credits available to violent offenders, *see* T.C.A. § 40-35-501(i)(1), (3), the habeas corpus court corrected the judgment forms for each of the convictions of rape of a child to reflect that the petitioner was sentenced as a child rapist rather than a violent offender. The habeas corpus court determined that although the judgment forms for the convictions of rape of a child do not contain a grant of pretrial jail credit, the judgment form for the petitioner's conviction of especially aggravated kidnapping, to which the child rape sentences are to be served consecutively, reflected that the petitioner had been granted all the pretrial jail credit to which he was entitled.

In this appeal, the petitioner claims that the habeas corpus court erred by correcting the judgments in his case without having an evidentiary hearing to determine whether the release eligibility designation contained in the judgment forms was a bargained-for element of his plea agreement. The State contends that the habeas corpus court acted appropriately.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a

century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "[A]n adequate record for summary review must include pertinent documents to support those factual assertions" contained in the petition. *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. *Id.*

Here, the petitioner appended to his petition for writ of habeas corpus the judgments in his case, the plea documents, and portions of the transcript of the guilty plea submission hearing. As the State correctly points out, the plea documents contain the following handwritten notation, "All parties understand that Judge Meyer will set sentence at a later date and sentence will be served at 100%." The petitioner's signature appears directly below this notation. The guilty plea submission transcript reflects that the trial court initially told the petitioner he could potentially earn sentence credits equal to a 15 percent reduction in his sentence, but the prosecutor quickly corrected the trial court and stated that the Code required service of 100 percent of the sentence undiminished by sentence reduction credits. Defense counsel agreed, and the trial court told the petitioner that he would be required to serve his child rape sentences day for day. Notwithstanding the plea documents and the plea colloquy, the trial court erroneously checked the "Violent 100%" release eligibility designation. We agree with the habeas corpus court that the trial court's mistake was clerical in nature and thus subject to correction pursuant to Tennessee Rule of Criminal Procedure 36. *See* Tenn. R. Crim. P. 36 ("[T]he court may at any time correct clerical mistakes in judgments . . . arising from oversight or omission."). Nothing supports the petitioner's claim that the "Violent 100%" release eligibility designation was a bargained-for

element of his plea agreement. In consequence, the habeas corpus court did not err by correcting the judgments without holding an evidentiary hearing.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE